UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No.:  06-0005 (HHK) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| **ORLANDO MARSHALL** | : | |
| | : | Sentencing:  April 27, 2007 |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION UNDER U.S.S.G. § 5K1.1**

    The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion pursuant to U.S.S.G. § 5K1.1.  That provision authorizes the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be recommended by the sentencing guidelines.  On August 31, 2006, Orlando Marshall pled guilty to an indictment charging him with one count of conspiracy to commit mail fraud, in violation of Title 18, U.S.C. Code § 371.  Under the plea agreement, the government calculated the offense level at 12 (10 to 16 months at a criminal history category of I) with a possible 5K1.1 motion if Marshall provided "substantial assistance."  The United States submits this motion because Marshall rendered substantial assistance throughout the investigation and during the trial of one of his co-conspirators.

    This is a case involving a conspiracy to steal new Gateway computers directly from the Gateway computer plant in Newport News, VA and to sell them in D.C. and across the country.  At the time of the conspiracy, Marshall worked as a social worker.  His cousin, Michael Ralph, asked

Marshall if Marshall would be willing to allow Ralph to send stolen Gateway computers to Marshall's residence. Marshall agreed and helped Ralph recruit customers; including Abdul Jalloh (06-0035 HHK) and Charles Emor (06-0064-02). Ralph's long-time friend, Dwayne Simmons (06-0064-01 HHK), worked at Gateway and was the key to the conspiracy because of his access to the computers. Ralph ran much of the conspiracy by recruiting buyers and collecting and distributing money. Despite being a major conduit through which the stolen computers traveled, Marshall gained virtually nothing (about $1,000) financially from the scheme. Emor was one of the conspiracies biggest customers receiving no fewer than 70 computer systems between December 2000 and June 2002. Emor sold these computers, many of which were Gateway's highest end systems, for a substantial personal profit.

Marshall was the first co-conspirator approached during the investigation and he immediately admitted that he was involved in a conspiracy involving stolen computers and provided law enforcement with the names of other co-conspirators. Marshall assisted the government throughout the investigation and trial. Though he was not an essential witness at trial, Marshall's trial testimony helped to explain how Emor, the only co-conspirator not to take a plea deal, became a part of the scheme. Had it not been for Marshall's early decision to discuss the conspiracy with law enforcement, it is unlikely so many people would have pled guilty as quickly as they did. Also, the government believes that Marshall's trial testimony was truthful and believes that it was relevant to the jury's guilty verdict in the Emor trial.

The United States has carefully considered the nature and extent of Marshall's assistance and the decision to file this motion for departure from the guidelines represents the assessment by the United States of the overall nature of the assistance which Marshall provided. In reaching this

conclusion, the United States accounted for the fact that Marshall's assistance was provided at a critical juncture that significantly advanced the case's development and resolution. Based on it's assessment, the United States respectfully submits to the Court that a downward departure from the U.S.S.G. of two (2) levels to an Offense Level of 10 would be appropriate.

WHEREFORE, the United States respectfully submits that the nature, extent and value of Marshall's assistance would justify a departure by the Court from the guidelines, and respectfully requests that the Court sentence Marshall consistent with Offense Level 10, Criminal History Category I.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:_____
ROY L. AUSTIN, JR.
Assistant United States Attorney
Fraud and Public Corruption Section
CA Bar #211491
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7566

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was sent electronically to the attorneys for the defendant, Tara Harrison and Bruce Marcus, 6411 Ivy Lane, Suite 116, Greenbelt, MD , this ____ day of April, 2007.

_____
Assistant United States Attorney